UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ARCELORMITTAL LONG PRODUCTS CANADA G.P., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court Nos.  21-00037 <br> 21-00038 <br> 21-00039 <br> 21-00040 <br> 21-00041 <br> 21-00042 <br> 21-00043 |

## **MOTION TO SET ASIDE DISMISSALS AND REOPEN CASES**

Plaintiff ArcelorMittal Long Products Canada G.P. ("AMLP"), pursuant to U.S. Court of International Trade Rule 60(b), respectfully requests the entry of an order that (1) sets aside each of the Court's orders entered on February 2, 2024 ("Dismissal Orders"), dismissing the above-referenced cases ("AMLP Cases") for failure to prosecute; (2) reopens each of the AMLP Cases; and (3) extends the time in which each of the AMLP Cases may remain on the Customs Case Management Calendar until January 31, 2025. In support of this motion, AMLP states as follows:

1. On January 29, 2021, AMLP filed a Summons in each of the AMLP Cases, each of which concerns the eligibility of certain imported steel products for an exclusion from Section 232 duties. The initial deadline for removing the AMLP Cases from the Customs Case Management Calendar was January 31, 2023.

2. For purposes of achieving an efficient resolution of the AMLP Cases, Plaintiff, during the initial two-year period in which the AMLP Cases remained on the Customs Case Management Calendar, prepared and sent to Defendant a proposal to stipulate as to eligibility of the subject products at issue in Case No. 21-00038 for exclusion from the Section 232 duties.

3. Throughout the course of these actions, Plaintiff has maintained that the ongoing

1

discussions related to the stipulation of Ct. No. 21-00038 has the potential to assist the parties in determining whether a resolution of the remaining AMLP Cases, without further involvement of the Court, is feasible.

4. To facilitate Defendant's review of the proposed stipulation, and to allow the parties additional time to potentially resolve the AMLP Cases without intervention from the Court, Plaintiff filed—and the Court granted—a timely motion in each of the AMLP Cases seeking an additional twelve (12) months, until January 31, 2024, for the AMLP Cases to remain on the Customs Case Management Calendar.

5. Since that time, the parties have been working diligently to finalize a proposed stipulation order in Ct. No. 21-00038. In fact, prior to the issuance of the Dismissal Orders, the Government was in the process of reviewing the latest iteration of the parties' proposed stipulation order to be jointly filed with the Court. This was sent to the Government on September 15, 2023.

6. However, while waiting for a further response from the Government on the proposed stipulation for Ct. No. 21-00038, counsel for Plaintiff overlooked—by virtue of a calendaring mistake—that the extended deadline for the AMLP Cases to be removed from the Customs Case Management Calendar was January 31, 2024. As a result, AMLP failed to file a timely motion under U.S. Court of International Trade Rule 83(c) to remain on the Customs Case Management Calendar; and on February 2, 2024, the Court issued its Dismissal Orders.

7. Rule 60(B) of the Rules of Civil Procedure provides that upon a motion made within a reasonable time, the Court may relieve a party from an order for "(1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment."

8. Excusable neglect is assessed by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *U.S. v. Horizon Prods. Int'l Inc.*, 34 F.Supp.3d 1365, 1367 (Ct. Int'l Trade 2015) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)). Furthermore, the court may consider "all relevant circumstances surrounding the party's omission." *Home Prods. Int'l, Inc. v. United States*, 521 F.Supp.2d 1382, 1385 (Ct. Int'l Trade 2007) (citing *Pioneer*, 507 U.S. at 395).

9. Here, all four (4) factors support a finding that AMLP's neglect is "excusable" for purposes of Rule 60(b). First, as the Government expressly acknowledges, there is no prejudice to Defendant, *see* Paragraph 14 below, as AMLP's neglect has not caused any material delay in this case. As noted above, in the months leading up to the January 31, 2024, deadline, the parties were actively negotiating the terms of a proposed stipulated agreement to resolve Case No. 21-00038 in its entirety. As also noted above, given the substantive overlap between Case No. 21-00038 and the other AMLP Cases, the stipulation of Case No. 21-00038 may determine whether a resolution of the other AMLP Cases, without further involvement of the Court, is feasible.

10. Second, the length of delay here is minimal and, again, has not caused any material delay in this case. As described above, after receiving the Court's Dismissal Orders—which were entered less than 48 hours after the January 31, 2024, deadline had lapsed—counsel for AMLP immediately contacted the Clerk's Office and counsel for the Government to notify them of AMLP's intent to file a motion to reopen the AMLP Cases. AMLP continued to act diligently, as it filed this motion within three days after entry of the Dismissal Orders.

11. Third, AMLP's failure to file a timely motion to extend the time for the above referenced cases to remain on the Customs Case Management Calendar was purely the result of a mistake and inadvertence, whereby counsel's normal procedures for calendaring relevant deadlines established by the Court were not followed due to an oversight. Counsel for AMLP regrets this mistake and intends to take additional steps to ensure that all future deadlines established by the Court in the AMLP Cases are timely met.

12. Fourth, AMLP has, at all times in these proceedings, acted in good faith. Since filings the Summonses in the AMLP Cases, AMLP, by counsel, has worked diligently and collaboratively with counsel for the Government to resolve the AMLP Cases without the intervention of the Court. This is the first time that AMLP has failed to comply with a deadline established by the Court—and as described above, it was solely the result of inadvertence and mistake.

13. For all of these reasons, AMLP believes there is ample support for a finding that AMLP's neglect is "excusable" for purposes of Rule 60(b), and that the circumstances described above warrant setting aside the Dismissal Orders in the interests of justice.

14. On February 5, 2024, Guy Eddon, Esq., counsel for Defendant, stated the Government's position as follows: "The Government defers to the discretion of the Court as to whether relief should be granted, but notes that the Government will not be prejudiced by the Court returning the case to the Customs Case Management Calendar."

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order that (1) sets aside the Court's Orders entered on February 2, 2024, dismissing the above-referenced cases for failure to prosecute; (2) reopens the above- referenced cases; and (3) extends the period in which the AMLP Cases remain on the Customs Case Management Calendar until January 31, 2025, to

allow the parties additional time to effectuate a potential resolution in Case No. 21-00038 and, in turn, determine whether it will be possible to resolve the remaining AMLP Cases without further involvement of the Court.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
320 S. Canal Street, Suite 3300
Chicago, IL 60606
(312) 569-1157

Dated: February 5, 2024

/s/ *Wm. Randolph Rucker*
Wm. Randolph Rucker

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been electronically filed on February 5, 2024, with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following counsel of record for Defendant:

Guy R. Eddon
U.S. Department of Justice
Commercial Litigation Branch – Civil Division
26 Federal Plaza
Room 346
New York, NY 10278
guy.r.eddon@usdoj.gov

*/s/ Wm. Randolph Rucker*
Wm. Randolph Rucker